UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MPOW TECHNOLOGY CO. LTD. et al.,

                  Plaintiffs,

-against-

THE MORTNER LAW OFFICE. P.C. et al.,

                  Defendants.

24-cv-8640 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

    Plaintiffs are nine companies that sell electronic products on Amazon, Inc.'s online platform. Dkt. 29 ¶ 7. After Amazon froze their accounts and sales proceeds, plaintiffs retained Moshe Mortner (operating within the Mortner Law Office P.C.) to represent them in arbitrations against Amazon. *Id.* ¶ 45; Dkt. 32 at 1, 3–4. Months after the proceedings commenced, Moshe signed stipulations of dismissal with prejudice on behalf of plaintiffs in each of their pending arbitrations. Dkt. 29 ¶¶ 59–63. Plaintiffs allege that Moshe signed the stipulations without their consent, failed to inform them about the implications of a dismissal "with prejudice," and thereby prevented them from recovering more than $6 million in withheld funds, whether through settlements or the arbitrations. *See id*. ¶¶ 64–89. Plaintiffs then sued Mortner Law Office for legal malpractice, together with Moshe and various unnamed corporations, under a theory of successor liability. *Id*. ¶¶ 83–93. Defendants now move to dismiss under Federal Rule of Civil Procedure 12(b)(6). Because plaintiffs have adequately pleaded their malpractice claim, and plaintiffs' successor liability claim is not duplicative of the malpractice claim, the motion to dismiss is DENIED.

## LEGAL STANDARDS

    To survive a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In reviewing a motion to dismiss, a court "accept[s] all factual allegations as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Austin v. Town of Farmington*, 826 F.3d 622, 625 (2d Cir. 2016).

## DISCUSSION

### I.   Plaintiffs Adequately Plead a Legal Malpractice Claim

    The parties agree that New York law applies to plaintiffs' claims. In New York, a claim for legal malpractice requires a plaintiff to show "that the attorney was negligent, that the negligence

was a proximate cause of the injury[,] and that the client suffered actual and ascertainable damages." *Rubens v. Mason*, 387 F.3d 183, 189 (2d Cir. 2004).

### A. Plaintiffs adequately plead that Moshe was negligent

"An attorney may . . . be found negligent for failing to advise his client adequately, since an attorney has a duty to keep his client well informed and furnish him with all the 'information material to the client's decision to pursue a given course of action.'" *Polin v. Wisehart & Koch*, 2004 WL 1944721, at *4 (S.D.N.Y. Sept. 2, 2004) (quoting *Spector v. Mermelstein,* 361 F. Supp. 30, 40 (S.D.N.Y. 1972), *aff'd in relevant part*, 485 F.2d 474 (2d Cir. 1973)).

Accepting plaintiffs' allegations as true, Moshe was negligent for failing to advise his clients adequately. Specifically, plaintiffs state that "at no point did Defendants explain . . . the meaning and effect of a dismissal with prejudice, gain consent from Plaintiffs to dismiss their cases with prejudice, nor inform Plaintiffs that such stipulations would be filed." Dkt. 29 ¶ 64. They say that if they knew what dismissing the claims with prejudice meant, then they "never would have agreed to dismiss their arbitration claims with prejudice because settlement negotiations were still ongoing." *Id.* ¶ 66. That is, plaintiffs wanted to reschedule the arbitration hearings or temporarily withdraw their claims so that they could "proceed with their negotiations with Amazon directly." *Id.* ¶ 55. But when Moshe submitted stipulations that dismissed their claims with prejudice, plaintiffs gave up their right to pursue arbitration against Amazon and "essentially los[t] their entire bargaining power" in the settlement negotiations. *Id.* ¶ 67. That loss of bargaining power makes sense: Amazon had no reason to settle—and didn't—given that plaintiffs would be unable to revive, much less prevail on, their arbitration claims. *See id.* ¶ 75.

For their part, defendants emphasize that plaintiffs explicitly requested to withdraw from all upcoming arbitration proceedings. *See* Dkt. 32 at 7–8. That misses the key point: Plaintiffs allege that Moshe never explained that the dismissals would be *with prejudice*. And defendants, referring to arguments they say plaintiffs could have made to reopen the arbitrations, even mention that "Plaintiffs who are Chinese speakers did not understand the term 'with prejudice' and, therefore, the stipulations were a mistake." *Id.* at 10.

In sum, plaintiffs have plausibly alleged that Moshe was negligent because he failed to provide them with adequate information about the dismissal process, including the material consequences of dismissing their claims with prejudice. *See* Dkt. 29 ¶¶ 57, 64, 67.

### B. Plaintiffs adequately plead proximate cause

To adequately plead proximate cause, a plaintiff "must plausibly allege that, but for the malpractice, the plaintiff would have received a more advantageous result, would have prevailed in the underlying action, or would not have sustained some actual and ascertainable damage." *Prout v. Vladeck*, 316 F. Supp. 3d 784, 799 (S.D.N.Y. 2018).

Defendants claim that "the First Amended Complaint contains no allegations that plaintiffs would have prevailed in any of the nine underlying arbitrations, but for [Moshe]'s conduct." Dkt. 32 at 15. But plaintiffs allege precisely that: "If [Moshe] had properly, adequately and diligently

2

represented Plaintiffs, Plaintiffs' arbitration demands would not have been dismissed with prejudice, and Plaintiffs['] subsequent arbitrations after the failed settlement . . . could have proceeded to proper conclusion." Dkt. 29 ¶ 72. If there were any doubt as to what "proper conclusion" means, plaintiffs resolve it: "[E]ach of Plaintiff[s'] arbitrations had merit and Plaintiffs would have prevailed in their arbitrations against Amazon." *Id.* ¶ 80. Plaintiffs then offer specific reasons they would have prevailed, including that "[f]our of MPOW's other sellers' and distributors' Amazon accounts were deactivated by Amazon for similar reasons, with Amazon withholding their sales proceeds, and with underlying facts similar to Plaintiffs'," and "[t]wo of the distributors received an Arbitration Award in their favor and Amazon settled the remaining two." *Id.* It is plausible that plaintiffs' outcomes would have been similar, but for Moshe's actions. And defendants' claim to the contrary is a question of fact that the Court cannot resolve at this stage.

Next, defendants say the allegations of proximate cause are "premature and speculative" because plaintiffs could have reopened the underlying arbitrations. Dkt. 32 at 11. But plaintiffs state that at least one plaintiff tried to revive its arbitration claim, but the arbitrator rejected that attempt because of the stipulation dismissing the original claim with prejudice. *Id.* ¶¶ 67, 77–79. It is plausible, then, that it would have been futile for the other plaintiffs to try to reopen their arbitrations.

Defendants also point to email exchanges as well as various documents attached to their motion, purportedly showing that plaintiffs acted in bad faith and were engaged in a fraudulent scheme of review manipulation, of which they had no knowledge until Amazon presented proof during the arbitration proceedings. But the Court cannot consider these exhibits on a 12(b)(6) motion to dismiss. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (concluding the district court incorrectly considered an email that "was not attached to the complaint, was not incorporated by reference in the complaint, and was not integral to the complaint").

Plaintiffs have sufficiently pleaded that Moshe's negligent conduct proximately caused their injury.

### C. Plaintiffs adequately plead actual and ascertainable damages

Damages claimed in a legal malpractice action "must be actual and ascertainable, not too speculative and incapable of being proven with any reasonable certainty." *Alcalay v. Fischoff*, 2025 WL 929783, at *9 (E.D.N.Y. Mar. 27, 2025) (quoting *Diamond v. Sokol*, 468 F. Supp. 2d 626, 634 (S.D.N.Y. 2006)).

Defendants say plaintiffs fail to plausibly allege "actual and ascertainable damages." Dkt. 32 at 12. But plaintiffs allege they've suffered damages in the form of the proceeds withheld by Amazon totaling $6,389,571.53, and that, "but for Defendants' malpractice, Plaintiffs would have had their proceeds released either through settlements or arbitration awards." Dkt. 29 ¶¶ 76, 81; *accord* Dkt. 34 at 10. That's sufficient at this stage to rebut defendants' argument about speculative damages. *See Reid v. Sack*, 2021 WL 100490, at *5 (S.D.N.Y. Jan. 12, 2021) (declining to dismiss

the plaintiff's legal malpractice claim, because the plaintiff made plausible allegations that he "may have recovered damages" absent his attorney's negligence); *Groisman v. Goldberg & Rimberg PLLC*, 2019 WL 2616903, at *3 (S.D.N.Y. June 26, 2019) (holding that the plaintiff had "alleged the requisite injury, even [though] the measure of damages—or whether [the plaintiff] will suffer any money damages at all—is yet uncertain").

***

For the reasons above, plaintiffs have stated a legal malpractice claim.

## II. Plaintiffs Adequately Plead a Successor Liability Claim

### A. The successor liability claim is not duplicative

Under New York law, "a buyer of a corporation's assets will be liable as its successor if: (1) it expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations." *New York v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 209 (2d Cir. 2006). "Although successor liability is typically a vehicle for holding the purchaser of a corporation's assets liable for the seller's debts, under New York law, 'an aggrieved party can still seek to impose liability on an individual associated with the successor entity under a corporate veil-piercing theory.'" *H. Daya Int'l, Co. v. Do Denim LLC*, 2022 WL 1289340, at *2 (S.D.N.Y. Apr. 29, 2022) (quoting *Ji Li v. New Ichiro Sushi, Inc.*, 2020 WL 2094095, at *5 (S.D.N.Y. Apr. 30, 2020)).

In support of their motion to dismiss this claim, defendants solely argue that it is "duplicative" of the legal malpractice claim because it "arose from the same operative facts, and did not allege different and distinct damages." Dkt. 32 at 21 (relying only on *Katsoris v. Bodnar & Milone, LLP*, 186 A.D.3d 1504 (1st Dep't 2020)).

But plaintiffs allege that Mortner Law Office has been listed as inactive since 2011, and that it transferred its assets to Moshe or other corporations. Dkt. 29 ¶¶ 91–92. Those facts are irrelevant to the legal malpractice claim but are crucial to this claim. Indeed, if Mortner Law Office no longer exists, or had all its assets transferred, then plaintiffs' potential to recover damages depends on these allegations.

Because defendants' sole argument to dismiss this claim fails, plaintiffs' successor liability claim survives.

## CONCLUSION

For the reasons above, defendants' motion to dismiss is DENIED. Discovery is no longer stayed in this action, or in related case 25-cv-2270. If the parties are still interested in mediating both cases, they should submit a joint letter saying so within seven days of the date of this Order, and the Court will put in an appropriate referral.

The Clerk of Court is directed to terminate Dkt. 31.

SO ORDERED.

Dated: November 24, 2025
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge
