

The Mortner Law Offices
30 Wall Street, 8th Floor
New York, NY, 10005

Tel  877-365-2177
Fax 917-382-3946
Email: mrmortner@gmail.com

February 11, 2026

***Via ECF***
Hon. Arun Subramanian, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

>   Re:  **MPOW TECHNOLOGY CO. LTD.,** *et al v.* **THE MORTNER LAW OFFICE, P.C.,** *et al***, Case No. 1:24-cv-08640-AS**
>
>   **MPOW TECHNOLOGY CO. LTD.,** *et al v.* **THE MORTNER LAW OFFICE, P.C.,** *et al***, Case No. 1:25-cv-02270-AS**

Dear Judge Subramanian,

I write as a pro se defendant and as counsel for Defendants in the above-referenced related actions. On February 6, 2026, the Court directed the parties to submit revised case management plans. Earlier today, Defendants filed a motion for summary judgment in Case No. 1:24-cv-08640 (the "Malpractice Action") (Dkt. 46, 47 and 48). In light of that motion, Defendants respectfully request that the Court stay discovery in both actions pending resolution of the summary judgment motion.

**Status of the 2024 Malpractice Action**

Discovery in the Malpractice Action has proceeded as follows. On April 21, 2025, Plaintiffs served responses to Defendants' interrogatories and document requests. On April 25, 2025, Defendants served responses to Plaintiffs' interrogatories and document requests.

On June 11, 2025, Defendants advised the Court that each of the nine Plaintiffs had failed to identify corporate officers or designated legal representatives, failed to produce business licenses, or corporate resolutions and retainer agreements authorizing this action, and failed to identify fact witnesses who would testify on behalf of the corporate entities. (Dkt. 38.) In addition, the First Amended Complaint alleges nine communications from Plaintiffs to Defendants that purportedly form the basis of Plaintiffs' malpractice claims (FAC ¶¶ 50–58). Yet Plaintiffs produced no documents evidencing those alleged communications. These deficiencies identified in Defendants' June 11 letter remain unresolved.

Plaintiffs have identified no outstanding discovery deficiencies with respect to Defendants' responses.

**The Second Houbenhou Arbitration**

On October 30, 2024, Defendant Moshe Mortner testified for approximately four hours pursuant to a subpoena from Amazon in an arbitration filed by Plaintiff Dongguan Houbenhou E-Commerce Co., Ltd. ("Houbenhou") against Amazon (the "Second Houbenhou Arbitration"). That testimony addressed the same subject matter at issue here—namely, Mr. Mortner's execution of stipulations of dismissal with prejudice in the original Amazon arbitrations. (See the transcript of Mr. Mortner's examination, submitted as Exhibit D in Defendants' summary judgment motion.)

On June 4, 2025, the arbitrator in the Second Houbenhou Arbitration issued a Final Award finding that Mr. Mortner "had actual authority to enter into the settlement on behalf of Claimant" when he executed the stipulation of dismissal with prejudice, and that he owed no duty to inform Houbenhou of the dismissal. (See the Final Award, submitted as Exhibit A in Defendants' summary judgment motion.)

The Final Award in the Second Houbenou Arbitration was responsive to Defendants' requests for production in the Malpractice Action. (See Exhibit R to Defendants' summary judgment motion, Request for Production No. 26.) Because the arbitration was a confidential proceeding before the AAA, Defendants had no way of independently learning of the decision. Therefore, Plaintiffs had an ongoing duty to produce the Final Award to Defendants. (See Fed. R. Civ. P. 26(e)(1)(A).) However, at no time have Plaintiffs produced the Final Award to Defendants. In fact, Plaintiffs concealed the Final Award through two mediation sessions in these actions.

On January 29, 2026, almost eight months after the Final Award was issued, Defendants finally learned of its existence from Amazon's counsel who provided a copy of it to Mr. Mortner.

As explained in Defendants' motion for summary judgment, the Final Award is dispositive against Houbenhou's claim in the amount of $1,475,909.40 against Defendants, and bars the remaining Plaintiffs' claims under principles of collateral estoppel.

**Status of the 2025 Action**

In Case No. 1:25-cv-02270 (the "2025 Action"), four Plaintiffs seek to recover funds that Amazon paid pursuant to settlements in two arbitrations and awards in two other arbitrations. Defendants contend that these claims lack merit because the Plaintiffs assigned the recoveries in their arbitrations to Plaintiff MPOW. This position is consistent with the findings in the Final Award of the Second Houbenhou Arbitration.

Defendants assert a counterclaim in the 2025 Action against MPOW for quantum meruit. The quantum meruit claim arises from Defendants' representation of fourteen additional MPOW distributors in arbitrations against Amazon, pursuant to a Master Attorney Retainer Agreement entered into with MPOW.

Document discovery in the 2025 Action was completed on December 23, 2025. On January 28, 2026, prior to the parties' second mediation, Defendants produced supplemental production in response to Plaintiffs requests for further disclosure. No depositions have been taken.

Based on the foregoing, Defendants believe they have no further discovery obligations outstanding, and Mr. Mortner already provided extensive sworn testimony in Plaintiff Houbenhou's related arbitration that addressed the core issues raised in the Malpractice Action. By contrast, Plaintiffs' discovery deficiencies identified above remain unresolved. Plaintiffs have not produced corporate authorization documents, identified designated representatives, or remedied the other deficiencies previously raised with the Court. Those deficiencies indicate that the Plaintiffs may lack capacity and authority to maintain these actions.

In light of the potentially dispositive nature of Defendants' motion for summary judgment and the unresolved discovery deficiencies outlined above, Defendants respectfully submit that continued discovery during the pendency of the motion would impose unnecessary burden and expense. Defendants therefore respectfully request that the Court stay discovery in both actions pending resolution of the motion.

Defendants currently anticipate filing a motion for summary judgment in the 2025 Action within the next week.

Thank you for the Court's consideration.

Respectfully submitted,

Moshe Mortner,

cc: Daniel Grace, Esq. and Yuting Li, Esq. (via ECF)

Defendants' motion for a stay of discovery, and plaintiffs' cross-motion for sanctions, are DENIED. As for the pending motion for summary judgment, defendants only get one crack at that. And of course, plaintiffs might respond to the motion by saying that there is a need for further discovery, etc. Plus, it might be months before the Court can address the motion. At which point, defendants will have lost their chance to file for summary judgment after discovery, and will have had to finish up discovery anyway. So defendants should make a choice: Press ahead with summary judgment and take the risk that it will be denied, or withdraw the motion to fight another day. As for discovery, it's not going to be stayed. Instead, the Court adopts plaintiffs' proposed fact discovery cutoff of May 18, 2026, the deadline for expert discovery of July 21, 2026, and a dispositive motions deadline of August 21, 2026.

One more thing. This Court's rules about civility and meeting and conferring are mandatory. From this point on, any party that violates those rules will be responsible for paying, as a sanction, the bills of the opposing party spent adjudicating any disputes with the Court based on the party's failure to adhere to the Court's rules.

The Clerk of Court is respectfully directed to terminate the motions at Dkt. 49 in 24cv8640 and Dkt. 34 in 25cv2270.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: February 13, 2026