

The Mortner Law Offices
30 Wall Street, 8th Floor
New York, NY, 10005

Tel  877-365-2177
Fax 917-382-3946
Email: mrmortner@gmail.com

February 23, 2026

***Via ECF***
Hon. Arun Subramanian, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  **MPOW TECHNOLOGY CO. LTD.,** *et al v.* **THE MORTNER LAW OFFICE, P.C.,**
*et al,* **Case No. 1:24-cv-08640-AS**

Dear Judge Subramanian,

Defendants respectfully submit this letter-motion pursuant to Local Civil Rule 37.2 and
Paragraph 5(D) of the Court's Civil Individual Practices seeking an informal conference
regarding Plaintiffs' deficient discovery responses. (Copies of Plaintiffs' responses to
Interrogatories' and Requests for Production are submitted herewith as Exhibits A and B,
respectively.)

### I.    Lead Trial Counsel Conference

On May 23, 2025, Defendants requested a Lead Trial Counsel conference to discuss deficiencies
in Plaintiffs' discovery responses. On June 4, 2025, pursuant to Paragraph 5(B)–(C) of the Civil
Individual Practices, the parties conducted a good-faith Lead Trial Counsel conference lasting 25
minutes, from 3:12 p.m. to 3:37 p.m. The participating attorneys were Moshe Mortner, Esq. and
Yuting Li, Esq. Attorney Li declined to supplement Plaintiffs' discovery responses. The parties
thereafter engaged in two mediations.

On February 16, 2026, I wrote to Plaintiffs' counsel seeking resolution of the discovery issues
raised at the June 4, 2025 conference. A second Lead Trial Counsel conference was convened
between myself and Attorney Li on February 20, 2026, for 55 minutes, from 4:32 p.m. to 5:27
p.m. At the conclusion of the conference, I informed Ms. Li that I believed the parties to be at an
impasse and that Defendants would be requesting a conference with the Court.

### II.    Requests Regarding Retention, Authority and Capacity

**Interrogatory No. 1** seeks the identity of persons who are likely to have personal knowledge of
any fact alleged in the pleadings.

The nine Plaintiffs identified only three individuals: MPOW's former Chinese legal counsel, a
former employee of MPOW, and an unknown person. The FAC alleges that Plaintiffs

communicated with Defendants, yet Plaintiffs have identified no persons within the Plaintiffs' companies with knowledge of these allegations.

**Interrogatory No. 2** seeks the identity of each Plaintiff's corporate officers.
**Interrogatory No. 3** seeks the identity of each Plaintiff's legal representatives.

All nine Plaintiffs have failed to identify their officers and legal representatives. Under Chinese the legal representative is the person authorized to execute contracts and authorize litigation on behalf of a company. The identities of corporate officers and legal representatives are directly relevant to threshold issues of standing, capacity, and authority to sue.

**Request for Production No. 1:** "Produce Plaintiff's business license, including the business license presently in effect and any previously issued business licenses for Plaintiff that are no longer in effect."
**Request for Production No. 2:** "Produce any corporate resolution by Plaintiff authorizing the commencement of this action."
**Request for Production No. 3:** "Produce a copy of your retainer agreement with DANNY GRACE PLLC or Daniel Grace."

Plaintiffs failed to respond to these requests based on objections as to relevance and vagueness. Business licenses and corporate resolutions authorizing suit are directly relevant to standing, capacity, legal existence, and authority to prosecute this action. Plaintiffs also fail to comply with Fed. R. Civ. P. 34(b)(2)(C), which requires a party to state whether responsive materials are being withheld on the basis of objections.

Retainer agreements are routinely discoverable. The existence of executed retainer agreements is directly relevant to standing and authority to prosecute the action—particularly where corporate existence and authority are at issue. Plaintiffs also fail to state whether documents are being withheld under Rule 34(b)(2)(C). At the Lead Trial Counsel conference on February 20, 2026, Attorney Li reiterated Plaintiffs' relevance objection. Without responses it is unclear whether Plaintiffs' counsel are representing actual clients.

### III.    Requests for Statements and Transcripts

**Request for Production No. 4:** "Produce all statements (as that term is used in Fed. R. Civ. P. 26(b)(3)(C)) which were previously made by this party and any of its present or former directors, officers, or employees, concerning the action or its subject matter."
**Request for Production No. 25:** "Produce any deposition or trial transcripts of [each] plaintiff in other matters."

Plaintiffs failed to respond based on objections that the requests are not relevant, vague and burdensome.

Transcripts are routinely discoverable where they may lead to admissible evidence or serve as impeachment material. Plaintiffs assert no specific burden and again fail to comply with Rule 34(b)(2)(C). Furthermore, these requests are particularly relevant, because Plaintiffs have acknowledged filing new arbitration proceedings against Amazon. In Plaintiff Houbenhou's second arbitration against Amazon, in which I testified, Defendants obtained a statement through Amazon's counsel by an individual purporting to be the CEO of Houbenhou, which contained

admissions against party interest. Accordingly, Defendants believe similar highly relevant materials may exist that have not been produced. At the Lead Trial Counsel conference on February 20, 2026, Attorney Li said she would inquire about statements and produce them provided she deemed them to be relevant.

### IV.     Requests Regarding Plaintiffs' New Arbitrations against Amazon

**Request for Production No. 26:** "Produce all documents concerning your attempt "to revive their claims against Amazon" referred to in paragraph 10 of the First Amended Complaint."
**Request for Production No. 31:** "Produce all documents concerning the "subsequent arbitrations" referred to in paragraph 72 of the First Amended Complaint."

Plaintiffs objected to these requests on the grounds that they are burdensome and the documents are "readily available" and not relevant. At the Lead Trial Counsel conference on February 20, 2026, Attorney Li stated that she would investigate whether any final awards exist and would produce them, but would produce no other arbitration documents.

Because the arbitrations involved in these requests are confidential proceedings, the documents sought are not readily available. These requests are relevant to proximate cause and damages. Defendants require the entire arbitration files and need to be able to determine whether the claims were ever actually filed and are active, or whether they were withdrawn or settled.

### V.     Requests Regarding Specific Allegations in the FAC

**Request for Production No. 6** seeks documents concerning communications between Plaintiffs and Defendants alleged in paragraphs 50–58 of the First Amended Complaint. Those alleged communications are the predicate for Plaintiffs' malpractice claims. Plaintiffs have produced no documents responsive to this request. At the Lead Trial Counsel conference on February 20, 2026, I asked Attorney Li if she would state that no responsive materials exist in Plaintiffs' possession, custody, or control. She refused to respond, said my question was harassment and later improperly threatened me with a bar complaint for asking for an unequivocal response.

**Requests for Production Nos. 30, 32 and 34:** These requests seek documents that support specific allegations in the FAC.

Plaintiffs objected to these requests as unduly burdensome and disproportionate. Yet, they concern specific allegations contained in the complaint and are narrowly tailored to the allegations Under Rule 26(b)(1), parties are entitled to discovery relevant to claims and defenses. Plaintiffs again fail to state whether documents are being withheld.

Based on the foregoing, Defendants respectfully request that the Court schedule an informal conference regarding the foregoing.

Respectfully submitted,

Moshe Mortner,

cc: Daniel Grace, Esq. and Yuting Li, Esq. (via ECF)

Plaintiffs should respond to defendants' letter-motion by Thursday, February 26, 2026, and the Court will resolve this dispute after considering both sides' letters. Some of what defendants ask for here seems like it is within bounds (i.e., identifying witnesses with personal knowledge) while some seems out of bounds (discovery of retainer agreements). The Court hopes the parties can work things out within these boundaries.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: February 24, 2026