# DANNY GRACE PLLC

ATTORNEYS AND COUNSELORS AT LAW

|  | 225 BROADWAY, SUITE 1200 |
| --- | --- |
| Writer's email:   yuting@dannygracepc.com | NEW YORK, NY 10007 |
| Writer Admitted in:   New York, United States District Court | 212.202-2485 |
| for the Southern and Eastern Districts of | 718-732-2821 FAX |
| New York | |

Hon. Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: **MPOW Technology Co. Ltd, et al. v. The Mortner Law Office, P.C. et. al.** (Civ. No. 1:24-cv-08640-AS)

Dear Judge Subramanian:

We represent the Plaintiffs in the above-referenced matter. Plaintiffs submit this letter in response to Defendants' letter motion of February 23, 2026 (ECF No. 54).

Plaintiffs do not intend to seek the Court's intervention on matters that can, should, and must be resolved through professional and robust discussions between counsel in a Rule 37 conference. For this reason, the undersigned attempted such resolution in the afternoon of February 20, 2026 – to no avail[1]. In the meet and confer, the undersigned requested fourteen (14) days to respond to Defendants' open demands. Mr. Mortner refused and said we had one business day to respond. Defendants then filed the instant letter motion on February 23, 2026; the Monday after the Friday afternoon Rule 37 conference. This is notwithstanding Defendants' filing of a motion for summary judgment on February 11, 2026, ostensibly indicating his discovery was complete.

Plaintiffs, and Plaintiffs' counsel, are reasonable and want to resolve discovery issues amicably and professionally. For this reason, when Plaintiffs are ready to discuss deficiencies in Defendants'

---

[1] Defendant Mortner himself conducted the Rule 37 conference without the presence of his Counsel. During the call, Mr. Mortner stated that he was not the undersigned's "law-school professor" when discussing the relevance of demands; baselessly accused the undersigned of falsifying court documents; began an apparent effort to depose the undersigned; and hung up the phone abruptly.

production we hope to do so through Rule 37 and not the Court's intervention. It seems that hope may not be mutual.

**Plaintiffs' Supplemental Response to Defendants' Discovery Demands**

**Interrogatory No. 1**. Plaintiffs will supplement their response by March 6, 2026.

**Interrogatory No. 2**. Plaintiffs continue their objection. The demand is overly broad and not relevant to Plaintiffs' claims and Defendants' defense. A list of Officers is not required to prove Plaintiffs' capacity or standing because Defendants are already in possession of each of Plaintiffs' business licenses.

**Interrogatory No. 3**. Defendants are already in possession of this information. However, to resolve the dispute and save litigation costs, Plaintiffs will supplement their response by providing the name of each legal representative.

**Request for Production No.1.** Defendants demanded previously issued business licenses that are no longer in effect and are not related to Defendants' defenses. As their former attorneys, Defendants are already in possession of Plaintiffs' business licenses. However, to resolve the dispute and save litigation costs, Plaintiffs will produce each Plaintiff's business license by March 6, 2026.

**Request for Production Nos. 2 and 3**. Plaintiffs continue their objection as the documents demanded are not related to Plaintiffs' claims and Defendants' defense. Defendants' assumption that we commenced this action without Plaintiffs' authority is absolutely baseless and bizarre.

**Request for Production Nos. 4 and 25**, Defendants' requests are overly broad and it is unclear what statements and transcripts that Defendants are seeking. During the meet and confer, I informed Defendants' counsel that I did not represent Plaintiffs in their arbitrations, and therefore I do not know what happened in those new arbitrations, and that if Defendants' counsel could clarify what statements he was looking for, I would contact a third party to obtain that information without waiving my objections. In response, Defendants refused to clarify and repeatedly said that I should

know what statements they wanted. If Defendants are referring to the deposition transcript in Plaintiffs' new arbitrations against Amazon regarding the legal issue of *res judicata*, Plaintiffs will produce the deposition transcripts of Plaintiffs which are related to this action provided that Defendants share the costs of the transcripts with Plaintiffs.

**Request for Production Nos. 26 and 31**, Plaintiffs continue their objections but propose that Plaintiffs will produce the final awards from the arbitrations after they have received them, but no later than March 6, 2026.

**Request for Production Nos. 6, 30, 32, and 34**. Plaintiffs have produced all the responsive documents they have at this time. Indeed, Defendants, as former attorneys of the Plaintiffs, are obligated to retain all communications, communications which Defendants have refused to produce.

We are thankful for the Court's time and consideration.

Dated:    February 26, 2026

Respectfully submitted,

*Yuting Li*

Yuting Li, Esq.
Danny Grace PLLC
225 Broadway, Suite 1200
New York, NY 10007
(212) 202 -2485
*Attorneys for Plaintiffs*

Defendants' letter motion for discovery, Dkt. 54, is DENIED without prejudice. If defendants believe that plaintiffs' responses are still deficient after receiving the materials outlined above by March 6, 2026, they shall meet and confer with plaintiffs and try to resolve any dispute. If (and only if) that fails, defendants may re-file an amended letter motion for discovery.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 54.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: February 26, 2026

3